**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DORIS TESNIERE MEHLER,**

        **Plaintiff,**

**-vs-**                                                                                          **Case No. 6:06-cv-936-Orl-31DAB**

**DAYTONA BEACH HEALTH AND
REHABILITATION L.L.C.,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on matters set forth in the Court's Notice to Show Cause, with respect to certain filings made by the parties (Doc. No. 26). As set forth in the Court's Order and Notice, accounts by counsel of events leading to the failure to respond to the Order requiring compliance with the Scheduling Order (Doc. No. 15) were in conflict. The Court therefore held an evidentiary hearing, and took testimony from the attorneys to determine the actual events that occurred.

Based on the evidence at hearing, it appears undisputed that, following unsuccessful settlement negotiations on November 9, 2006, defense counsel Thomas Scroggins agreed to file a stipulation with the Court, regarding the parties' impasse with respect to settlement efforts. It is also undisputed that Scroggins telephoned Plaintiff's counsel, Jason Harr, at 4:30 that afternoon, to discuss the Case Management Report and left a message. Harr returned the call the next morning. Scroggins says he emailed a Case Management Report and a Settlement Report for Harr to review, and Harr said that

he would do so, and get back to him on Monday. Harr maintains that he never received the email from Scroggins, and, in the six minute phone call on November 10, Scroggins did not discuss the settlement report, but only the case management report. Harr's position is that he relied on Scroggins' representation that he would file the settlement report; Scroggins says he was waiting for Harr to review the documents he sent and get back to him. Regardless, the record shows that no such filing was timely made, as ordered by the Court.

In addition to the testimony and exhibits introduced at hearing, the Court has the record itself, which indicates that counsel are participating in CM/ECF, the Court's electronic case management and filing system, which means that counsel have immediate access to the file and are instantly notified when any filings are made. The Court also notes that Judge Presnell's Order directing the filing of the settlement report within 11 days was issued November 2, 2006, and Plaintiff filed an unrelated Notice of Unavailability on November 15, 2006 (Doc. Nos. 15, 16). Thus, Plaintiff knew or should have known that no report was timely filed, as he would have received notice if it had been filed, and he could easily have checked the record at the time of filing the unavailability notice. Further, the Court dismissed the case on November 22, 2006 (Doc. No. 17), yet Plaintiff did not file the motion to reopen the case until December 6, 2006 (Doc. No. 18). Thus, regardless of whether the email was received or not or who is correct with respect to what was said in that six minute telephone call, the version of events described in Plaintiff's motion is misleadingly incomplete. Further, the Plaintiff's failure to ensure that the filing was, in fact, made and to take prompt action when it was not remains unexcused. Even if defense counsel led Plaintiff down the wrong path, Plaintiff's counsel cannot abdicate his duty to monitor the docket and prosecute the case. In that respect, Plaintiff's motion to reopen the case lacked full candor regarding the circumstances leading to the failure to file.

For his part, defense counsel admits that he told Plaintiff's counsel that he would file the settlement report and that he did not do so. Although he offers an explanation for that failure (he wanted to file it in conjunction with the Case Management Report), the explanation is not entirely satisfactory. Although defense counsel testified that he sent an email to Plaintiff's counsel, and that he did not file the reports because he was waiting for Plaintiff's counsel to respond, the email itself provides: "If I do not hear from you about whether these reports are ok to file as joint reports or whether you have any requested changes by the 13th, **I will file them as my reports**." (Doc. No. 20 at 11 [emphasis added]). The record reflects that the 13th came and went with no filing by Defendant, joint or otherwise. Thus, even assuming the email was sent, it does not provide the complete defense counsel asserts.

The Court does not find that Mr. Scroggins misled the Court (and does not therefore recommend the imposition of specific sanctions against him). Nonetheless, it is worth noting that, despite early efforts of cooperation and courtesy between counsel, the breakdown of communication resulting in the non filing may be attributed in part to Mr. Scroggins. Particularly in light of the subsequent decision to oppose reopening the case, his practice here may deemed somewhat sharp.

In view of the foregoing, it is **respectfully recommended** that Jason Harr be **admonished** for his lack of diligence and candor. No monetary sanctions are recommended.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-4-

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy